**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

|  |  |  |
|---|---|---|
| **ANNETTE SLACK,** | ) | |
| | ) | Case No.: 18-647 |
| | ) | |
| | ) | Jury Demand |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ST. LOUIS COUNTY and STEVEN** | ) | |
| **V. STENGER IN HIS INDIVIDUAL** | ) | |
| **AND OFFICIAL CAPACITY,** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiff, Annette Slack, by and through her attorney, Darrell J. O'Neal, Esquire, claims of Defendants, individually and/or jointly damages in excess of One Hundred Thousand Dollars ($100,000.00) upon causes of action whereof the following is a statement:

**JURISDICTION, VENUE AND PARTIES**

1.     Plaintiff brings this action under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U.S.C. §1983 and ' 1988.  This Court's Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.   This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

1

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) inasmuch as Plaintiff's causes of action arose in the Eastern District of Missouri, and Defendant is found in the Eastern District of Missouri.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3.     This is an employment discrimination case by Plaintiff against St. Louis County, and Steven V. Stenger in his individual capacity, and official capacity employee alleging a continuing series of discriminatory conduct against her because of her race and in retaliation.

4.     Plaintiff seeks a declaration that the acts of the defendants and defendants' agency negligently, intentionally and unlawfully discriminated against her because of her race and in retaliation with appropriate injunctive relief, lost pay, compensatory and punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

5.     Plaintiff additionally, and independent of the claims against the Defendants, seeks appropriate relief and compensatory damages against the defendants.

## THE PARTIES

6.     Plaintiff Annette Slack is a Black adult female and a citizen of the State of Missouri residing in O'Fallon, Missouri.

7.     Defendant, St. Louis County, operates the St. Louis County Executive's Office, a department of St. Louis County located in St. Louis County, Missouri, principally engaged in government operations.  St. Louis County may be served with process at the Administrative Building located at 41 South Central Avenue, Clayton, MO 63105 (9th floor).

8.   The Defendant, County Executive, Steve Stenger, is a citizen of the state Missouri and for a period of time material to the claims alleged by the Plaintiff, was employed by St. Louis County as the County Executive for St. Louis County.  County Executive Stenger may be served with process at 41 South Central Avenue, Clayton, MO 63105 (9th floor).

9.   At all times relevant hereto, the Defendant acted or failed to act by and through its employees, agents, workmen and Supervisors for and on behalf of Defendants.  At all times relevant hereto, the Defendant is an employer.

10.   At all times relevant hereto, Defendants acted under color of law and intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from race discrimination and retaliation and in deliberate disregard of right secured her under the Constitution of the United States.

11.   At all times material hereto, Defendants acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.   Defendants are strictly liable for the acts and failures to act of its Supervisory personnel.

12.   The acts and failures to act complained of herein, were allowed and only occurred because Defendants, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct the supervisors concerning retaliation and employment discrimination, as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their ability, thereby causing, encouraging, fostering

3

and fomenting the defendants in this case to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

13.    Plaintiff filed charges of race discrimination and retaliation against the Defendant St Louis County with the District Office of the Equal Employment Opportunity Commission, Charge No. 560-2016-01608.  (Exhibit A).

14.    Plaintiff thereafter received a Notice of Right to Sue within 90 Days from the Equal Employment Opportunity Commission dated March 20, 2018, which she received two days later on March 22, 2018.  (Exhibit B).

## BACKGROUND ALLEGATIONS

15.    In or about April 20, 2015, the Plaintiff began working as Director of Community Empowerment and Diversity Manager, and she remained an employee of said Defendant until on or about February 29, 2016.  At all times relevant hereto, the character of the Plaintiff's work and employment has been good.

16.    I was discharged for allegedly violating St. Louis County's prohibition for secondary employment without permission.

17.    Prior to my discharge I complained on numerous occasions that minorities were being treated harshly and that the diversity program was not being properly applied to help minorities.

18.    I also complained that minorities within the department were treated harsher and were not given the same access as non-minorities.

19.    The diversity program was established because of the unfavorable treatment minorities

4

were receiving within St. Louis County.

20.    Every effort I made to help minorities was met with resistance until I was terminated for allegedly secondary employment without permission.

21.    Defendants have a progressive disciplinary policy and at no point was I disciplined or reprimanded for violation of the secondary employment policy.

## FEDERAL CLAIMS

### COUNT I:
### Violation of 42 U. S. C. §2000e-2(a)(1).

22.    The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully and here reiterated in their entirety.

23.    The acts and failures to act of Defendants, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race and in retaliation for complaining of mistreatment on minorities.

24.    Defendants are strictly liable for the acts and failures to act of its supervisory personnel.

25.    The acts and failures to act of Defendants, as stated above constitute unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorney's fees as allowed by 42 U. S. C. §1988.

## COUNT II:
### Violation of 42 U. S. C. §2000e-2(a)(2).

26. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

27. The acts and failures to act of Defendants, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities or otherwise affect her status as an employee because of her race and in retaliation for speaking out about discriminatory conduct.

28. Defendants are strictly liable for the acts and failures to act of its supervisory personnel.

29. The acts and failures to act of Defendants constitute unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(2).

   **WHEREFORE**, the Plaintiff demands judgment against the Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorney's fees as allowed by 42 U. S. C. §1988.

### COUNT III

### PLAINTIFF'S 42 U.S.C. 1983 (14TH AMENDMENT, EQUAL PROTECTION)

30. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

31. The acts and failures to act of the Defendants, individually and jointly, as described herein, were intended to and did deprive the Plaintiff of the equal protection of the laws as guaranteed her by the Fourteenth Amendment to the United States Constitution.

6

32.    The acts and failure to act of the Defendants, individually and jointly, were by failing to provide her with a name clearing hearing as proscribed by 42 U.S.C. 1983.

WHEREFORE, the Plaintiff demands judgment in her favor and against the Defendants, individually and jointly, in an amount in excess on One Hundred Thousand Dollars, and for attorneys fees allowed under 42 U.S.C. 1988.

## COUNT IV

## RETALIATION

33.    The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

34.    Plaintiff has been subjected to retaliatory treatment committed by the Defendants, in that she has been discriminated against due to having opposed the Defendants' unlawful employment practices, all in violation of her rights as governed by 42 U.S.C.S. § 2000e-3, 42 U.S.C.S. §1981, and the Fourteenth Amendment to the United States Constitution Plaintiff previously complained of unequal terms and conditions of her employment to Steve Stenger and Jeff Wagner.

35.    Defendants further punished the Plaintiff by referencing her termination publicly without giving her a name clearing hearing to protect her good name.

36.    Defendants have also subjected the Plaintiff to discrimination in violation of the retaliation laws, when she was treated differently then similarly situated white employees such as Bonnie Kelley who have not file claims against them.  The acts of discrimination against the Plaintiff on account of her filing EEO claims violates Title VII of the Civil Rights Act of 1964 (as amended), and 42 U.S.C.S. §1981.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendants

in an amount in excess of One Hundred thousand Dollars, and for attorney fees as

allowed under 42 U.S.C. 1988.

Respectfully submitted,

s/Darrell J. O'Neal

_____

Darrell J. O'Neal (BPR #20927TN)
Attorney for the Plaintiff
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009
(901) 345-8014 facsimile
domemphislaw@darrelloneal.com

8