UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNETTE SLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-647 AGF |
| ) | |
| SAINT LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 8) of Defendants Steven V. Stenger ("Stenger") and Saint Louis County ("County") to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes dismissal, arguing that her complaint meets the federal pleading standard. For the reasons set forth below, the Court will grant Defendants' motion in part and deny it in part.

## BACKGROUND

Plaintiff, a former employee of the County, filed this suit asserting claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against the County and St. Louis County Executive Stenger. Plaintiff's complaint contains four counts, alleging employment discrimination (Counts I and II), fourteenth amendment equal protection violation (Count III), and retaliation

(Count IV). All counts are asserted against both Defendants, including against Stenger in both his individual and official capacities. Plaintiff seeks damages and attorney's fees.[1]

In her complaint, Plaintiff describes herself as a "Black adult female" previously employed by the St. Louis County Executive's Office as the Director of Community Empowerment and Diversity Manager. ECF No. 1 ¶¶ 6, 15. It is unclear when Plaintiff started her employment with the County,[2] but she states that she was discharged in February 2016 for "allegedly violating St. Louis County's prohibition for secondary employment without permission." ECF No. 1 ¶ 16. Prior to discharge, Plaintiff says that she complained on numerous occasions "that minorities were being treated harshly," that the "diversity program was not being properly applied to help minorities," that "minorities within the department were treated harsher," that minorities "were not given the same access as non-minorities," and that all Plaintiff's attempts "to help minorities [were] met with resistance." *Id.* ¶¶ 17-18, 20. According to Plaintiff, she did "good" work for the County and she was never disciplined or reprimanded under the County's progressive disciplinary policy before her discharge. *Id.* ¶¶ 15, 21.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in September 2016 against the "St. Louis County Executive's

---

[1] Plaintiff's complaint describes this action as one for "declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties," and for "equitable relief and injunctive relief." ECF No. 1 ¶ 1. However, the specific counts of the complaint only seek money damages and attorney's fees.

[2] Plaintiff's complaint states that she began working in the Director position around April 20, 2015, but her Equal Employment Opportunity Commission charge states that she was appointed to the position in January 2015. ECF Nos. 1 ¶ 15, 1-1 at 1.

Office," alleging discrimination based on race, sex, and retaliation. ECF No. 1-1. The EEOC issued a Notice of Right to Sue to Plaintiff on March 20, 2018. ECF No. 1-2. Plaintiff included the administrative charge and Notice of Right to Sue as exhibits to her complaint. In the charge particulars, Plaintiff states that she supervised a group of employees – consisting mostly of African Americans with one Caucasian individual – and that the African American employees were allegedly "subjected to different terms and conditions of employment" including "exclusion from events/meeting and were confined with limited direct access to [her] where the Caucasian individual was not." ECF No. 1-1 at 1. At the time of her discharge, Plaintiff alleges that her supervisor Jeff Wagner told her that if she didn't resign her position, she would be terminated. Plaintiff believes she was terminated in retaliation for stating her opinion that defendants were being negligent in their "responsibilities to assist the minority community with employment opportunities." *Id.* at 2.

Both Defendants have moved to dismiss all the claims against them as insufficiently plead under Rule 12(b)(6), Fed. R. Civ. P. Defendant Stenger also specifically argues for dismissal of: (1) the official capacity claims brought against him as redundant or duplicative of the claims against the County; and (2) the Title VII individual capacity claims brought against him as invalid claims against an individual state actor.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**Official Capacity Claims against Defendant Stenger (All Counts)**

Plaintiff brings all four counts of the complaint against Stenger, the St. Louis County Executive at all times relevant, in his official capacity. But these same counts are also brought against the County and therefore they are "functionally equivalent." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Because a suit against a supervisor in his or her official capacity is treated as a suit against the employer itself, these counts will be dismissed against Stenger in his official capacity as duplicative or redundant. *See id.*; *Bonenberger v. City of St. Louis*, No. 4:16CV788 PLC, 2016 WL 5341113, at * 2 (E.D. Mo. Sept. 23, 2016).

**Title VII Claims against Both Defendants (Counts I, II, and IV)**

Title VII of the Civil Rights Act imposes liability on an employer who engages in certain discriminatory practices, including discrimination based on race. 42 U.S.C. § 2000e-2(a). Plaintiff brings three counts under Title VII: (1) Count I for employment discrimination under Title VII's prohibition on discharging a person based on her race (42 U.S.C. § 2000e-2(a)(1)); (2) Count II for employment discrimination under Title VII's prohibition on limiting, segregating, or classifying an employee in a way that

deprives her of employment opportunities because of her race (42 U.S.C. § 2000e-2(a)(2)); and (3) Count IV for retaliation under Title VII's prohibition on discriminating against an employee because she has opposed an unlawful practice or made a charge of unlawful discrimination (42 U.S.C. § 2000e-3).

Plaintiff brings her Title VII claims against Stenger in his individual capacity. "It is well settled that Title VII provides for claims only against an individual's 'employer' and that individual coworkers, supervisors and managers are not employers under the statute." *Robinson v. N. Am. Sch. Bus*, No. 4:16 CV 1576 RWS, 2017 WL 1477143, at *3 (E.D. Mo. Apr. 24, 2017); *see also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) ("[A] supervisor may not be held liable under Title VII."). "Plaintiff concedes that a supervisory official may not be held liable in his or her individual capacity and does not seek to hold Stenger in his individual capacity under Title VII." ECF No. 11 at 5. However, Plaintiff goes on to argue that Stenger is an "employer" under Title VII based on the holding of a Sixth Circuit case discussing the Americans with Disabilities Act ("ADA"). *See Satterfield v. Tenn.*, 295 F.3d 611, 616-17 (6th Cir. 2002) (discussing legal theories under which entities can be deemed employers under the ADA). The Court finds this case unpersuasive and notes that it is not controlling precedent here. Defendant Stenger is an individual supervisor and cannot be held liable under Title VII. The Court will dismiss Plaintiff's Title VII claims in Counts I, II, and IV against Stenger.[3]

---

[3] To the extent that Plaintiff attempts to state a claim against Stenger under § 1981 as part of Count IV, this claim fails because "a federal action to enforce rights under § 1981

5

As for the Title VII claims of racial discrimination brought in Counts I and II against the County, Plaintiff's complaint contains insufficient allegations to state a claim for relief. Plaintiff never alleges that she was discharged due to her race. Plaintiff's EEOC charge actually states otherwise: "I believe I was terminated in retaliation." ECF No. 1-1 at 2. Plaintiff does question the circumstances of her discharge, asserting that the reason given for her termination was pretextual. But she never asserts – nor does she provide any factual allegations to support – disparate treatment due to her race. The complaint names no instances where Plaintiff felt she was personally treated differently due to her race. Similarly, Plaintiff never alleges any limitation, segregation, or classification by the County that deprived her of employment opportunities. Plaintiff does state that the African American employees that she supervised were subjected to different terms and conditions than the Caucasian employee. However, those employees are not a party to this suit and Plaintiff fails to make the same disparate treatment allegations concerning her own employment. Without any specific allegations of disparate treatment, Plaintiff's claim fails. *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017). Even if the bare elements of the claim were generally pleaded, Plaintiff provides no factual support for them in her complaint. Accepting all of

---

against a state actor may only be brought pursuant to § 1983." *Washington v. Brooks*, No. 406CV0883 JMM, 2006 WL 3334473, at *1 (E.D. Ark. Nov. 16, 2006); *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.")

Plaintiff's allegations as true, there is no basis on which a reasonable inference of racial discrimination can be drawn. Counts I and II will be dismissed as to the County as well.

In contrast, the allegations supporting Plaintiff's Count IV claim of retaliation against the County are minimal, but sufficient for the claim to survive dismissal. For a prima facie case, Plaintiff must show that she engaged in statutorily protected conduct, she suffered an adverse employment action, and that a causal connection exists between the two. *Wilson*, 850 F.3d at 372. Here, Plaintiff alleges that she complained to supervisors of unequal terms and conditions of employment including that minorities were treated more harshly and were not given the same access as non-minorities, and that the office was not meeting its responsibilities to assist the minority community. As a result of those complaints, Plaintiff alleges that she was terminated.[4] Admittedly, the details on the complaints made by Plaintiff are sparse, but Plaintiff does specify that she complained on numerous occasions about disparate treatment of minorities and that she specifically complained to Steve Stenger and supervisor Jeff Wagner. ECF No. 1 ¶¶ 17-18, 34. She also specifically alleges that her discharge was due to the complaints she made. Construing the complaint allegations in Plaintiff's favor, as must be done on a motion to dismiss, I find that there are sufficient allegations for Plaintiff's retaliation claim (Count IV) to survive dismissal against the County.

---

[4] To the extent that Plaintiff argues that the County retaliated against her "on account of her filing EEO claims," such a claim fails. ECF No. 1 ¶ 36. Plaintiff filed her charges of discrimination with the EEOC in September 2016, seven months after her employment was terminated with the County. Her complaint contains no allegations of any retaliatory actions taken after the EEOC filing; therefore there is no basis for a claim of retaliation resulting from the EEOC charge filing.

**§ 1983 Equal Protection Claim against Both Defendants (Count III)**

Plaintiff also brings one claim against both defendants under § 1983 and the Fourteenth Amendment's right to equal protection. The Equal Protection Clause of the Fourteenth Amendment requires that government entities treat similarly situated persons alike. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996)). For any equal protection claim, the plaintiff must first demonstrate that she was treated differently than others who are similarly situated to her. *See Keevan*, 100 F.3d at 648.

For a public employee, like Defendant Stenger, §1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (internal quotations omitted) (citing *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). "[A] public employee acts under color of law when he exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citing *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011)). The defendant must be acting or purporting to act "in the performance of official duties." *Id.*

Here, Plaintiff alleges no specific actions taken by Defendant Stenger that deprived her of her rights. In her EEOC charge of discrimination, Plaintiff mentions Stenger only once as the person who appointed her to the Director position in the County Executive office. In her complaint, the only factual allegation naming Stenger is that Plaintiff complained to him about disparate terms and conditions of her employment. In

describing the nature of the action, Plaintiff alleges that Stenger committed a "continuing series of discriminatory conduct against her because of her race," but the complaint is devoid of any specific allegations of discrimination committed by Stenger. ECF No. 1 ¶ 3. There are simply no allegations of any action taken by Stenger, in the performance of his official duties, where he treated Plaintiff differently than others who were similarly situated to her.[5] Count III will be dismissed as to Defendant Stenger for failure to state a claim.

With respect to Plaintiff's claim against the County, "[s]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). A municipality may not be sued under § 1983 for injuries inflicted solely by its employees or agents. *Monell,* 436 U.S. at 690-91. It is when an employee acts "under color of some official policy" and violates another's constitutional rights, that the government is liable. *Id.* at 692. An official policy involves "a deliberate choice of a guiding principle or procedure made by the municipal official

---

[5] Plaintiff's only mention of a "similarly situated white employee[]" appears in the Count IV Retaliation paragraphs of her complaint (not incorporated into the Count III Equal Protection allegations), whereby she names a "Bonnie Kelley" as a person treated differently who did "not file claims against [Defendants]." ECF No. 1 ¶ 36. Even if this allegation was incorporated into the equal protection claim, there is no mention of differential treatment of Kelley by Defendant Stenger or how Plaintiff is similarly situated to Kelley. Plaintiff cannot allege differential treatment resulting from her EEOC charge because the complaint contains no allegations of mistreatment that occurred after Plaintiff's discharge and EEOC filing.

9

who has final authority regarding such matters." *Corwin*, 829 F.3d at 700 (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). To establish liability through a unofficial custom of the municipality, a plaintiff must demonstrate: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Id.* (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014)). A municipality can be liable for a failure to train or supervise only when that failure "amounts to deliberate indifference to the rights of persons with whom the [employee] come[s] into contact." *S.M. v. Lincoln County*, 874 F.3d 581, 585 (8th Cir. 2017) (alterations in original) (quoting *City of Canton*, 489 U.S. at 389).

Here, Plaintiff's complaint attempts to allege all three of these bases of municipal liability against the County, but only in conclusory terms. Plaintiff states that "Defendants, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct the supervisors concerning retaliation and employment discrimination," and "failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their ability." ECF No. 1 ¶ 12. These allegations are "no more than conclusions." *Iqbal*, 556 U.S. at 679. Plaintiff's complaint does not cite any official County policy which allegedly resulted in a constitutional violation; does

10

not describe a continuing, widespread pattern of unconstitutional misconduct amounting to a municipal custom; and does not include any factual allegations supporting a deliberately indifferent failure to train or supervise theory.

In Plaintiff's response in opposition to dismissal, she seems to argue that Defendants have a policy or custom of retaliation by pretextual discharge: "Defendants utilizing the power of the government terminated her as a result of engaging in statutorily protected activity and used the alleged violation of policy for secondary employment as a smokescreen to cover their discriminatory animus." ECF No. 11 at 11. Despite this statement, Plaintiff does not allege that anyone in the County Executive Office ever promulgated, or even articulated, a policy of pretextual discharge when an employee complained of racial discrimination. Nor does Plaintiff allege any pattern of retaliatory discharge that was directed at anyone other than herself. A single act of a governmental official may constitute a municipal policy where the official has "final policymaking authority" and where the challenged action was "taken pursuant to a policy adopted by the official . . . responsible under state law for making policy in that area of the city's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (emphasis removed) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 482-83 (1986)). Again, Plaintiff has not alleged her supervisor had final policymaking authority or that her discharge was a result of an adopted policy.

Plaintiff's only specific factual allegation of a deprivation of a right by defendants is when she alleges that they failed "to provide her with a name clearing hearing." ECF No. 1 ¶ 32. In her response in opposition to dismissal, Plaintiff argues that the

deprivation of a hearing violated her Fourteenth Amendment right to due process. *See* ECF No. 11 at 12. The Fourteenth Amendment prohibits governments from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, Plaintiff "cannot establish a due process violation because she did not sufficiently, if at all, request a name-clearing hearing. An employee must request a name-clearing hearing in order to be entitled to one." *Floyd-Gimon v. Univ. of Ark. for Med. Sciences ex rel. Bd. of Trustees of the Univ. of Ark.*, 716 F.3d 1141, 1147 (8th Cir. 2013). Plaintiff never alleges that she requested a name-clearing hearing or that she was denied one. Plaintiff fails to plead the necessary allegations for municipal liability under § 1983 and fails to provide any facts to support such a cause of action. Therefore, the Court will dismiss Plaintiff's § 1983 claim against both Defendants for failure to state a claim.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. ECF No. 8. All counts brought against Defendant Steve Stenger in both his individual and official capacity are dismissed. Counts I, II, and III are also dismissed as to Defendant St. Louis County. The only remaining claim is Count IV (Retaliation) as to Defendant St. Louis County.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2018.